[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs seek a reassessment of the damages assessed by the defendant commissioner for the taking of all of their property located on the easterly side of Poquonock Avenue in the Town of Windsor. It lies almost immediately north of Route 91 and contains 7.2 acres, a dwelling house and outbuildings. The taking occurred on October 11, 1988, and the original assessment of damages was in the sum of $635,000.
In determining fair and just damages caused to the plaintiffs, the court had the benefit of a viewing of the premises, the testimony of the plaintiffs' expert witness and the record of a previous hearing before the Windsor Town Planning 
Zoning Commission denying a change of zone for the subject and other property in 1983.
Using the market approach, the plaintiffs' appraiser valued the premises at a total value of $1,004,000. This allowed for a twenty percent reduction because of the probability of a change if the property was to be developed for business purposes. In arriving at his evaluation, he relied heavily on a comparable sale of land immediately south of Route 91. The defendant offered no appraiser's report in contradiction. However, he takes the position that the zoning aspect of the development of the property seriously affects its market value.
The zoning aspect of this property is somewhat unsettled. Counsel points out that in determining just compensation for property taken by eminent domain, the trier may consider the reasonable probability of a change in zoning restrictions. Budney v. Ives, 156 Conn. 83. At the present time, the premises are zoned for residential and agricultural purposes. However, the plaintiffs claim that there is a reasonable probability that their property could be rezoned for "Restricted Business". They point to the land immediately south of Route 91 and located about one-quarter mile from the subject premises. That land was granted such a zoning change. On the other hand, the defendant introduced evidence that the subject premises were submitted for a change of zone in 1983 and that the request was then denied. At that time, many home owners appeared and prevailed with their objections. The defendant asserts that a similar result would probably result if a further effort to rezone took place. The defense distinguishes the subject property from the area to the south of Route 91 which has already been rezoned. It is asserted further that the subject property, which is north of Route 91, is more residential in CT Page 2085 nature. This claim is corroborated by our inspection of the area. In our view, however, we conclude that the rezoning, although not certain, would probably be realized. However, we are not as optimistic as the plaintiffs' appraiser, who feels that the chance of a favorable zoning result would be about 80%.
Further, with regard to the appraisal by plaintiffs' appraiser; he bases his opinion primarily on the comparable sale of the land immediately south of Route 91. As already stated, the area surrounding that location is less residential in nature than the subject area. Also, it was in a more favorable position for a zoning change.
Based on our viewing of the area, and after full consideration of all the evidence, and our own knowledge of the elements constituting value, it is concluded that the plaintiffs' appraiser has properly analyzed the problems presented. However, we feel somewhat less optimistic concerning a favorable zoning change. We also conclude that the fair market value of the premises on the date of taking was $780,000.00.
Said amount of $780,000 is found to be the amount of damages.
Judgment may enter in the amount of $145,000.00, since the defendant has already paid the plaintiffs $635,000 damages. Defendant is also ordered to pay to the plaintiffs interest on the sum of $145,000 at the rate of 10% from the day of taking (October 11, 1988) to the date of judgment, together with costs.
The defendants shall also pay to the plaintiffs appraisal fees in the amount of $1750.
John M. Alexander
William C. Bieluch
Harold M. Missal STATE TRIAL REFEREES